**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ANITA E. LAWTON-WAY,

      Plaintiff,

vs.                                             CASE NO. 3:05-cv-1233-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.
_____

**O R D E R**

This case is before the Court on Plaintiff's Petition for Attorney's Fees (Doc. #21, Petition), filed October 16, 2007. Plaintiff's counsel requests and award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). Defendant's response (Doc. #24, Response) indicates Defendant does not oppose Plaintiff's request for an award of EAJA fees, but does point out the plain language of the statute requires the award be made to the "prevailing party." *See* Doc. #24 at 1-2. This matter is now ripe for the Court's consideration.

Based upon review of the information contained within the record, the Court makes the following legal and factual findings:

      1.      Attorney's fees are authorized in this action because Plaintiff, having obtained a sentence four remand/reversal denial of benefits, is a "prevailing party," *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993), the Commissioner failed to apply the proper legal standards in evaluating the case, thus his position here was not substantially justified. Moreover, Plaintiff filed a timely application for attorney's fees and had a net worth of less

than $2,000,000 at the time the complaint was filed, and there are no special circumstances which would make the award unjust. *See* 28 U.S.C. § 2412(d); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

2.   The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour unless the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. §2412(d)(2)(A). The awarded fee may not exceed twenty-five percent of the claimant's past due benefits. 42 U.S.C. §406(b)(1). There is no contention here that the claimed fee would exceed that amount.

It has been recognized that the Equal Access to Justice Act ("EAJA") allows for an adjustment due to changes in the cost of living. *Barber v. Sullivan*, 751 F. Supp. 1542, 1544 (S.D. Ga. 1990) (citing *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1984). It has also been noted that such increases are not absolutely required. *Id. Baker* is also cited for the proposition that attorney fee increases do not necessarily have to follow the Cost of Living Index for a specific geographical area and that the decision as to whether attorney's fees shall exceed the cap rests entirely within the Court's discretion. *Id.* Plaintiff's counsel requests an enhancement of the statutory fee rate of $125 per hour based upon the cost of living increases since Congress set the amount in March 1996 as part of the Contract with America Advancement Act of 1996, Pub.L. 104- 121, §§ 231-233 as codified in 28 U.S.C. § 2412(d)(2)(A).

Plaintiff's counsel argues that the statutory cap of $125 should be raised to $161.88

per hour for services provided in 2005-2007.  Having examined the Consumer Price Index for the years in question, the Court has determined that the increase in inflation and the experience of Plaintiff's counsel justifies a proportionate increase in attorney's fees according to the year services were performed.  However, Plaintiff's counsel has calculated an hourly rate which overstates the inflation rate.  Therefore, the Court will award a proportionate increase in the hourly rate based on the year the services were performed.[1]

3. The Court notes that Plaintiff's counsel requests fees for services rendered September 28, 2007 to "[r]ead and review unopposed Motion for Remand; letter to client." (Doc. #21 at 9).  However, there is no suggestion in the record of this case that a motion for remand was filed.  While the Court might conclude counsel misstated the services performed as having reviewed a motion rather than having reviewed the Order and Opinion issued in this case, the Court might just as easily conclude counsel inadvertently billed this client for services actually rendered to another client.  The Court declines to engage in such supposition.  Therefore, the .2 hours billed on September 28, 2007 shall be disallowed.

4. The Court thus finds that $2,964.76 ($155.59 x 4.5 hours in 2005 + $160.61 x 14.1 hours in 2006) is a reasonable fee in this case.

5. Plaintiff did not make any claims for costs incurred in this action.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Plaintiff's Petition for Attorney's Fees (Doc. #21) is **GRANTED in part and DENIED in part**.

---

[1] The Court arrived at its conclusions by visiting the following website: http://woodrow.mpls.frb.fed.us/economy/calc/.  Last visited November 1, 2007.

2.	The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $2,964.76 for attorney's fees.

3.	The request that the Court direct the payment of the fees be made to the Law Office of L. Jack Gibney is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this   5th   day of November, 2007.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge